IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOE DANIEL HOLT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:08-cv-2439-IPJ-JEO |
| | ) |
| WARDEN GARY HETZELL; and | ) |
| ATTORNEY GENERAL FOR THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OF OPINION**

Joe Daniel Holt, Jr., ("the petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 18, 2008, advancing fifteen challenges to his state court drug convictions. (Doc. 1[1]). The magistrate judge assigned this case filed his report and recommendation on October 7, 2009, recommending that the petition for writ of habeas corpus be denied. (Doc. 24). The petitioner has filed twenty-five objections to the report and recommendation on October 19, 2009. (Doc. 25). Each will be addressed below in paragraphs numbered to correspond the petitioner's objections.

    1.    In his first objection, the petitioner makes general, introductory objections asserting that the magistrate judge's determinations are in conflict with the United States and Alabama Constitutions. This objection is without merit and requires no further discussion.

    2.    The petitioner next objects that the report and recommendation is incorrect in that he was not convicted of eight counts of **possession** of cocaine. Upon review, the undersigned finds that the petitioner was convicted as follows: On February **13**, 2007, Holt was convicted in the Circuit Court of Limestone County of eight counts of unlawful distribution of a controlled substance, one

---

[1] References herein to "doc. ___" are to the document numbers assigned the various pleadings by the Clerk of the Court. They are located in the upper line of the document.

count of trafficking, and one count of unlawful possession of drug paraphernalia. (Doc. 7-4 at pp. 4-7 of 100). Additionally, the petitioner asserts that there is no support for his three prior felonies. This is not correct as evidenced by the state court record. (Doc. 7-2 at p. 8 of 97; doc. 7-3 at pp. 76-84; see also doc. 24 at pp. 18-19).

3.      The petitioner next complains that the report and recommendation does not acknowledge the exhibits attached to the original petition, which he says are clear and convincing evidence of a void indictment and lack of support for a trafficking charge. With respect to the alleged "void indictment," Holt only submitted two pages of the indictment (none of the charges) (compare doc. 1 (Ex. S) at p. 15 of 104 and doc. 7-3 at pp. 15-19 of 104 (complete indictment); see also doc. 24 at pp. 13, 16-18).

        With respect to the claim that there was no support for the trafficking charge based on the January 18, 2007, forensic analysis (Holt's Ex. Q to doc. 1 (p. 106 of 123)), Holt ignores the fact that this was a supplemental report (*id*. at pp. 107-08 of 123). The supplemental report was admitted into evidence in his state case as exhibit 27. (See Doc. 7-7, p. 63 of 102). The original analysis of three additional envelopes was performed on December 11, 2006. (See Doc. 7-9 at p. 56 of 136). This original analysis was admitted into evidence at trial as state's exhibit 25. (See doc. 7-7, p. 60 of 102). There was trial testimony concerning the need for 2 reports (see doc. 7-7 at pp. 51-53 of 102) as well as testimony that the total trafficking weight was 38.47 grams (see *id*. at pp. 63-67 of 102).

4.      Holt complains that the report and recommendation does not acknowledge his brief in support of the petition. However, he does not give specific instances. Further, the court notes that the brief simply elaborates on the petition and gives some case citations.

5.      Holt argues that the record clearly shows that he has demonstrated cause and prejudice to overcome the procedural default; however, he doesn't state how he has shown cause and prejudice. (Compare Doc. 24 at pp. 10-19 (finding that he has not met his burden)).

6.      Holt argues that the report and recommendation doesn't acknowledge his actual innocence claim. Upon review, the court finds to the contrary. The report specifically addresses the actual innocence claim. (Doc. 24 at pp. 19-22).

7.      Holt complains that the report only acknowledges the state record and statements "which is not supported by clear and convincing evidence and denying petitioner the equal protection of the laws." This objection simply is without merit. The report and recommendation cites to the official transcript which is

admissible in this court (28 U.S.C. § 2254(g)) and is supported by the record.

8.      Holt maintains that the report and recommendation is incorrect because the state search warrant did not have a supporting affidavit.  The record is to the contrary.  The warrant and attached affidavit were admitted at trial as state's exhibit 6.  (See Doc. 7-6, p. 93 of 200; Doc. 7-9 at pp. 48-49 of 136).

9.      Holt complains that there is no clerk's file stamped affidavit in support of the search warrant.  Both the search warrant and the affidavit are stamped filed by the clerk on April 6, 2006 and both were certified as true and correct copies on February 9, 2007.  (Doc. 7-9 at pp. 48-49 of 136).

10.     Holt complains that the report states that "Holt has not submitted any evidence that the search and seizure was unconstitutional" and he argues that this is in conflict with the Fourth Amendment to the United States Constitution.  Upon review, the court finds that this objection is without merit.

11-12.  Holt complains that the report is incorrect in stating that the indictment's references to 2003 were typographical errors.  The petitioner's challenge is unsupported by the record. (See Doc. 24 at p. 17).

13.     The petitioner next asserts that the report's reference that "there is no requirement that the state satisfy their [sic] burden of proof prior to obtaining an indictment" is incorrect, relying on the Fifth and Fourteenth amendments to the United States Constitution.  However, as stated in *United States v. Waters*, 850 F. Supp. 1550, 1553 (N.D. Ala. 1994):

> [T]he burden of proving "probable cause" for the purpose of obtaining an indictment is much easier to meet than the burden of "proof beyond a reasonable doubt" necessary to obtain a conviction. ...  a court does not look behind the indictment to see if the Government met the burden of proving to the grand jury that probable cause actually existed.  As the Supreme Court said in *United States v. Calandra*, 414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974):
>
>> [T]he validity of an indictment is not affected by the character of the evidence presented.  Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.
>
> 414 U.S. at 344, 94 S. Ct. at 618.

3

14.     Holt complains that there is no evidence to support the statement: "At the motion hearing on February 1, 2007, the court advised Holt of the range of punishment for each count based on the Habitual Offender Act because you have three prior convictions."  Holt is incorrect.  (See Doc. 7-5 at p. 24 of 100).

15.     Holt complains that the report failed to consider his actual innocence claim based on the January 18, 2007, report which did not find the 28 grams or more necessary for trafficking.  As previously discussed above, Holt overlooks the fact that the January 18, 2007, report was a supplemental report.  The original report revealed 37.15 grams of cocaine.  This claim is without merit.

16.     Holt complains that the report incorrectly concludes that "the record reflects that there was no missing link in the chain of custody."  He argues that "there was no documentation to reveal the **time** the alleged evidence was received by Anthony Tipton and Investigator Royals."   This argument was not raised in the § 2254 petition (see doc. 1 at pp. 19-20 of 123).  In the petition (doc. 1, pp. 19-20 of 123) and supporting brief (doc. 3, p. 37 of 48), Holt argued that the missing link was based on the evidence being seized in March 2006 and not transferred to Forensic Sciences until November 2006.  (Doc. 1 at pp. 19-20 of 123).  He also argues in his petition (Doc. 1 at p. 26 of 123) that there was a missing link when the indictment was returned on "June 15, 2003," and there was no report until January 18, 2007.  (*Id*.)  As already discussed, this claim is without merit.

17.     Holt complains that the report incorrectly states "the crack cocaine weighed around 45 grams."  This was not a finding in the report but rather a reference to the trial testimony of Royals (see doc. 7-6 at p. 119 of 200).  As already discussed, this claim is without merit.

18.     Holt complains that the statement that "Holt has failed to present any new evidence in support of his claim of actual innocence" ignores the fact that according to his exhibit Q (attached to the 2254 petition) only 12.56 grams were transported to the Alabama Dept of Forensic Sciences.  (Doc. 25 at p. 7).  Again, this challenge ignores that there were two reports and trial testimony that the cocaine in the trafficking envelope weighed 38.47 grams.  Moreover, none of these allegations constitutes "new" evidence because it was all presented at trial.

19.     Holt argues that the report incorrectly concluded that his waiver of counsel was knowing and intelligent, referring to page 23 of the report.  The magistrate judge was actually quoting from the opinion of the Alabama Court of Criminal Appeals in that instance.  (Doc. 24 at pp. 22-25).  This claim is without merit.

20.     Holt argues that the report states that Holt "signed a waiver of counsel on August 31, 2006," when the record reveals he only signed one waiver of counsel.

The magistrate judge stated that "[t]he record reflects that Holt signed an Acknowledgement [sic] of the Defendant of the Perils of Proceeding Pro Se on August 31, 2006 ... and a Waiver of Counsel on February 1, 2007..."  (Doc. 24 at p. 24 (citations to record omitted)); See also Doc. 7-3 at pp. 48-49 of 104).  This objection is without merit.

21.   Holt complains that the report did not address his constitutional violations raised in the petition and brief.  This conclusory, non-specific objection is unsupported by the record.

22.   Holt states that he was not convicted on February 16, 2007, but that he was convicted on February 13, 2007.  He's correct about the date of conviction.  However, the import of the same does not warrant any further discussion or relief.

23.   Holt complains that his claims were not adjudicated on the merits in state court and this court should not find them to be procedurally barred because to do so will result in a fundamental miscarriage of justice.  This matter was addressed by the magistrate judge (see doc. 24 at pp. 15-20).  No further discussion is warranted under the circumstances.

24.   Holt states that "the magistrate judge['s] report and recommendation resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  The court disagrees.

25.   Lastly, he states that "the magistrate['s] judge report and recommendation was not based on the findings of fact presented in the state court proceeding, which has resulted in a fundamental miscarriage of justice."  This objection is without merit.

The petitioner has also filed a pleading captioned "Certified Questions."  (Doc. 26).  Therein, he asks whether there was evidence of trafficking in cocaine in his case and whether there was a fatal variance between the indictment and proof at trial.  The court has considered these matters as objections, and premised on the discussion above, finds them to be without merit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the petitioner, the Court is

of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** with the following clarification:

> On February **13**, 2007, Holt was convicted in the Circuit Court of Limestone County of eight counts of unlawful **distribution of a controlled substance**, one count of trafficking, and one count of unlawful possession of drug paraphernalia.

The court is also of the opinion that the magistrate judge's recommendation is due to be and is hereby **ACCEPTED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED**. A Final Judgment will be entered.

As to the foregoing it is **SO ORDERED** this the 23rd day of November 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE